IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM M. JONES, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JO ANNE B. BARNHART, Commissioner of the | : | |
| Social Security Administration | : | NO. 03-6660 |
|     Defendant | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                                   **August 23, 2005**

**I.     Introduction**

Plaintiff, William M. Jones, commenced this action pursuant to 42 U.S.C. § 405 (g), for review of the decision of the Social Security Administration ("SSA"), denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.¹ Presently before this Court are the parties' cross motions for summary judgment. Plaintiff moves, in the alternative, for this Court to remand his claim to the Commissioner for a new hearing and decision. Upon careful and independent consideration of the administrative record and all filings in this Court, the court finds that the ALJ has failed to explain the reasons for rejecting the disability determination made by the Veteran's Administration ("VA"). However, the court finds that reversal of the ALJ's decision is not warranted in this case. For

---

¹Under the Act, "disability" is defined as:
    [the] inability to engage in any substantial gainful activity by reason of
    any medically determinable physical or mental impairment which can be
    expected to result in death or which has lasted or can be expected to last
    for a continuous period of not less than 12 months.
42 USC § 423 (d)(1)(A).

-1-

these reasons, the court will deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Remand.

## II.     Background and Procedural History

Plaintiff was born on July 18, 1955 and resides in Norristown, Pennsylvania. (Administrative Record, "R" at 59-66). He has a bachelor's degree in industrial engineering and worked as an engineer until 1995. Id. at 28, 35-36, 443. In August 1997, Plaintiff filed an initial application for social security benefits. Id. at 10, 58. On March 4, 1998, this claim was denied, and there is no evidence of appeal. Id. at 10, 58, 84. On January 24, 2002, Plaintiff filed a second application for Social Security Disability benefits, alleging disability since December 21, 1995 due to major depression. Id. at 59-61, 84-89. On August 13, 2002, the Social Security Administration denied Plaintiff's second claim for disability benefits concluding that his condition was not disabling on any date through December 31, 2000. Id. at 10, 51-55. On September 27, 2002, Plaintiff requested a hearing, which was held in Elkins Park, Pennsylvania, before Administrative Law Judge Paula Garrety ("ALJ") on March 27, 2003. Id. at 18, 23-50, 56. Plaintiff was represented by counsel and testified. Id. at 27-38. Richard Baine, a vocational expert, also appeared and testified as an impartial expert witness. (R. at 38-48). On May 15, 2003, the ALJ issued a decision denying Plaintiff's application, finding that Plaintiff was not entitled to receive benefits.[2]  Id. at 7-17. Plaintiff requested review of the ALJ's decision on July 15, 2003. Id. at 6. The SSA's Appeals Council denied Plaintiff's request for review on October 10, 2003, rendering the ALJ's unfavorable decision the final decision of the Commissioner. Id.

---

[2]The ALJ found that Plaintiff was not disabled because the evidence indicated that, despite Plaintiff's limitations, there still remain a significant number of jobs in the national economy that the Plaintiff could have performed on or before December 31, 2000. (R. at 16-17).

at 3-5. Plaintiff commenced the present action alleging that 1) the Commissioner's decision contains errors of law that require reversal; and 2) the decisions of the ALJ and the Appeals Council are not supported by substantial evidence. (Pl's Mem. Supporting Motion for Summary Judgment at 1).

### III.     Social Security Disability Law

#### A.     Disability Determinations

The Social Security Act authorizes several classes of disability benefits, including DIB. See 42 U.S.C. § 1382.  This entitlement requires that the applicant be "disabled," which is met if the individual "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  The Act further states:

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 1382c(a)(3)(B).

In Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999), the Third Circuit explained the five-step sequential evaluation process promulgated by the Social Security Administration to

determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. The Court explained:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § [404.]1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520©). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing insignificant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of per forming work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step.

Plummer, 186 F.3d at 428.

Congress has authorized the Commissioner "to make findings of fact, and decisions as to the rights" of any individual applying for disability benefits. 42 U.S.C. § 405(b)(1). The Commissioner is also required to resolve any discrepancies between the medical evidence and a

claimant's subjective complaints.  42 U.S.C. § 416.929.

### B. Judicial Review of Disability Decisions

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding.  42 U.S.C. § 405(g).  The district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Id.  However the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."  Id. (emphasis added).  The ALJ's findings of law, however, are subject to plenary review.  See Wright v. Sullivan, 900 F.2d 675, 678 (3d Cir. 1990); Podedworny v. Harris, 745 F.2d 210, 221 n.8 (3d Cir. 1984).  Accordingly, this Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Schwartz v. Halter, 134 F.Supp.2d 640, 647 (E.D. Pa. 2001).

Substantial evidence has been defined as "more than a mere scintilla" or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  The substantial evidence standard "is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."  Schaudeck v. Commissioner of S.S.A., 181 F.3d 429, 431 (3d Cir. 1999).

## IV.     Discussion

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and that it contains errors of law that require reversal.  Plaintiff contends that these legal errors include:

1. The ALJ disregarded the well-supported opinions of the treating physician;

2. The ALJ did not properly assess the credibility of the Plaintiff;

3. The ALJ failed to incorporate all of the Plaintiff's limitations in the hypothetical question posed to the vocational expert; and

4. The ALJ improperly assigned no weight to the VA determination that Plaintiff's mental impairments were 100% disabling.

(Pl's Mem. at 5-21).

### A. Weight Accorded to Opinion of Treating Physician

Plaintiff argues that the ALJ violated the Social Security regulations and Third Circuit law by disregarding the opinion of Plaintiff's treating physician, Dr. Seymour Wagner, without articulating an adequate explanation. (Pl's Mem. at 5-14, citing Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150 (3d Cir. 1983) (vacating district court's grant of summary judgment in favor of defendant); 20 C.F.R. §416.927(d)(2) (stating that the treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence). Plaintiff also contends that the ALJ violated Third Circuit law by selectively citing parts of the record that supported her view that Plaintiff was not disabled and by substituting her lay opinion for the expert judgment of the treating psychiatrist. (Pl's Mem. at 13, citing Van Horn v. Schweiker, 717 F.2d 871, 874 (3d Cir. 1983) (stating that the ALJ is not free to substitute his own expertise for that of physicians who present competent medical evidence)).

The Court agrees with Plaintiff that the opinion of the treating physician is generally entitled to substantial weight. See Wallace v. Secretary of Health & Human Services, 722 F.2d 1150, 1155 (3d Cir. 1983) (vacating grant of summary judgment in favor of Secretary of Health and Human Services). However, a treating source's opinion is given controlling weight only "if

we find that . . .[it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 CFR 404.1527 (d)(2); see also Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (noting that an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."); Kent v. Schweiker, 710 F.2d 110, 115 n. 5 (3d Cir. 1983) (reversing summary judgment in favor of defendant and noting that even though ALJ is "not bound to accept physicians' conclusions, he may not reject them unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected"); Cotter v. Harris, 642 F.2d 700, 706-707 (3d Cir. 1981) (requiring ALJ to explain her reasons for rejecting professional medical evidence). Thus, as long as the ALJ explained her reasoning, she was not obligated to give Dr. Wagner's opinion controlling weight. Plaintiff agrees with this statement of the law, but argues that the ALJ disregarded Dr. Wagner's opinion and failed to sufficiently state her reasons for doing so. (Pl's Mem. at 11).

Initially, the Court notes that it does not appear that the ALJ totally rejected Dr. Wagner's opinions. Rather, the ALJ explained that "to the extent [Dr. Wagner's] opinions relate to the period under review they have been considered." (R. at 14). Plaintiff concedes as much by pointing out that the ALJ agreed with Dr. Wagner's finding that Plaintiff's alcohol abuse prior to his May 1999 detoxification was not material to his disability claim. (Pl's Reply at 6).

In addition, a review of the record reveals that the ALJ did explain her reasons for according Dr. Wagner's opinions "no significant weight." (R. at 12-14). In fact, the Plaintiff concedes as much by stating that "the ALJ rejected Dr. Wagner's assessments for two reasons."

(Pl's Mem. at 9-10). According to Plaintiff, these reasons were that 1) the ALJ believed that Dr. Wagner's assessments were not well supported by and inconsistent with treatment records and Plaintiff's activities; and 2) the assessments were well after the period under review. (Pl's Mem. at 10, 13). A review of the record reveals that the ALJ explained that "no significant weight is assigned to Dr. Wagner's assessment as it is not supported by and is inconsistent with actual treatment records" and his "assessment and conclusory opinion . . . are not well supported by the overall evidence of record and remain inconsistent with claimant's activities." Id. at 13, 14.[3] Nevertheless, Plaintiff argues that because the ALJ failed to cite any specific inconsistencies; selectively cited only parts of the treatment records; failed to weigh all the relevant, probative and available evidence; and substituted her lay opinion for the expert judgment of Dr. Wagner, the decision must be reversed. (Pl's Mem. at 11-12). This Court disagrees.

A review of the ALJ's decision reveals that the ALJ fully explained her evaluation of the evidence. Moreover, the ALJ noted several specific inconsistencies between Dr. Wagner's assessment and the actual treatment records, which support the ALJ's assignment of "no significant weight" to this treating physician's opinion. For example, the ALJ noted that, in a letter dated February 13, 2003, Dr. Wagner stated that Plaintiff voluntarily entered into the VA substance abuse program in April 1999, successfully completed the program, and "continues to be free from alcohol abuse." (R. at 352). However, Plaintiff's treatment records indicate that he was admitted for detoxification in May 1999; discharged on June 7, 1999; had a relapse in

---

[3] As stated above, this does not necessarily mean that the ALJ totally rejected Dr. Wagner's opinions. Despite Plaintiff's protestations, the ALJ did not reject the entirety of Dr. Wagner's opinions because they were after the period under review. The ALJ specifically stated that "to the extent [Dr. Wagner's] opinions relate to the period under review they have been considered." (R. at 14) (emphasis added).

September 1999; and refused admission for detoxification in March 2000. (R. at 12). These events indicate at least some level of alcohol abuse and clearly contradict Dr. Wagner's assessment.

In addition, the ALJ specifically noted that Plaintiff's demonstrated abilities contradict Dr. Wagner's February 2003 assessment of Plaintiff as having marked restrictions of activities of daily living; extreme difficulties in maintaining social functioning; constant deficiencies of concentration, persistence or pace; and continual episodes of deterioration or decompensation in work or work-like settings (R. at 12-13, 351). For example, in 2000, Plaintiff participated in a computer training program, prepared his resume, and began searching for employment. (R. at 13). In addition, the ALJ noted that Plaintiff testified that, he does chores around the house, continues to drive, and travels. (R. at 14-15). These facts clearly contradict the findings of Dr. Wagner and support the ALJ's assignment of "no significant weight" to this treating physician's opinion.

Plaintiff's claim that the ALJ selectively cited only parts of the treatment records supporting her position is also without merit. An ALJ is not required to cite all the evidence in the record. Rather, the Third Circuit "simply requires that the ALJ indicate that s/he has considered all the evidence . . . and provide some explanation of why s/he has rejected probative evidence which would have suggested a contrary disposition." Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981). A review of the ALJ's decision in this case reveals that the ALJ indicated multiple times that she considered all the evidence of record (R. at 10, 12, 13, 14). Furthermore, the ALJ provided explanations for why she rejected any probative evidence. For example, the ALJ noted specific inconsistencies and explained that Dr. Wagner's assessment was not well

supported by the overall evidence and inconsistent with the Plaintiff's activities. The ALJ also assigned "no significant weight" to Dr. Sudan DelMaestro's opinion because she started treating Plaintiff in October 2002, which was beyond the period in review. (R. at 14). The ALJ also did not fully credit Plaintiff's testimony because "it was not well supported by the overall evidence and is inconsistent with his demonstrated abilities." (R. at 15).

Plaintiff's contentions that the ALJ rejected Dr. Wagner's assessment because she disregarded "evidence of Mr. Jones' ongoing psychiatric treatment" are not supported by the record. First, contrary to Plaintiff's assertions, the Plaintiff's failure "to return to the VA clinic for approximately one year" was not a reason given by the ALJ for according Dr. Wagner's assessment "no significant weight." Second, the ALJ clearly considered and did not overlook or reject Plaintiff's treatment during the period 1999-2000 because the ALJ cited this evidence as contradicting Dr. Wagner's assessment. (R. at 12).

Plaintiff also complains that the ALJ failed to consider his June 4, 2001 psychiatric evaluation, at which the VA psychiatrist rated Plaintiff's Global Assessment Functioning ("GAF") level at 30. Because this evaluation occurred after the date last insured, did not refer to or rely on any evidence regarding Plaintiff's mental status during the insured period, but reflected only Plaintiff's current status, it did not relate back to the period for which Plaintiff is insured for benefits. Thus, this report cannot be deemed probative evidence that the ALJ should have considered in corroborating the Plaintiff's claim. See Small v. Comm'r of SSA, 60 Fed. Appx. 919 (3d Cir. 2003) (non precedential) (affirming judgment of district court where the claimant failed to establish the existence of a severe impairment during the insurance period); see also Wirth v. Comm'r of Soc. Sec., 87 Fed. Appx. 478, 480 (6th Cir. 2003) ("Post-expiration

evidence must relate back to the claimant's condition prior to the expiration of her date last insured.") (citing King v. Secretary of Health and Human Servs., 896 F.2d 204, 205-06 (6th Cir. 1990)).

Finally, there is no evidence that the ALJ substituted her lay opinion for the expert judgment of Dr. Wagner. The ALJ credited some parts of Dr. Wagner's assessment and accorded other parts "no significant weight" based on substantial contradictory evidence in the record. Thus, the Plaintiff's argument that the ALJ committed reversible error by failing to appropriately explain her reasons for not giving Dr. Wagner's opinion controlling weight is without merit.

### B.     Credibility of Plaintiff

Plaintiff argues that because the ALJ improperly assessed the credibility of the Plaintiff, the ALJ's decision should be reversed. (Pl's Mem. at 19).

The Third Circuit has held that the ALJ has the authority to evaluate the credibility of witnesses. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). However, the ALJ may not conclude that the witness lacks credibility without contradictory medical evidence. Green v. Schweiker, 749 F.2d 1066, 1070 (3d Cir. 1984).

In the present case, the ALJ summarized Plaintiff's subjective complaints. (See R. at 15). However, the ALJ concluded that these complaints were not well supported by the evidence and were contradicted by his demonstrated abilities. Id. Not only did the ALJ indicate the basis for her decision to discount Plaintiff's credibility, but she also listed the activities that contradicted Plaintiff's complaints. For example, Plaintiff attended a computer training program; did chores around the house; and traveled frequently. A reasonable mind might accept this evidence as

adequate to support the ALJ's conclusion that Plaintiff was not totally credible. Although "disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity, it is nonetheless appropriate for the ALJ to consider the number and type of activities in which the claimant engages." Turby v. Barnhart, 54 Fed. Appx. 118, 122 (3d Cir. 2002) (non precedential) (citing Burns, 312 F.3d 113, 2002 WL 31716291 at *12).

After considering all of the medical opinions in the record including the Plaintiff's complaints and symptoms, the ALJ gave less weight to the testimony of Plaintiff and the report of Dr. Seymour Wagner (discussed above) because they were largely contradicted by the other substantial evidence in the record. 20 C.F.R. § 416.927(d)(3), (4) (an ALJ may give less weight to opinion evidence which is unsupported or inconsistent with the record as a whole).

Thus, the Plaintiff's argument that the ALJ improperly assessed the credibility of the Plaintiff is without merit.

### C.   ALJ's Hypothetical

Plaintiff also argues that the ALJ committed reversible error when she failed to incorporate all of Plaintiff's limitations in the hypothetical question she posed to the vocational expert. (Pl's Mem. at 17-18) (citing Ramirez v. Barnhart, 372 F.3d 546, 552-55 (3d Cir. 2004) (vacating district court's order and remanding the case with directions for the district court to remand it to the Commissioner for further proceedings and so that the hypothetical question presented to the vocational expert could include all of the claimant's limitations and impairments). The Court in Ramirez concluded that the omission of some of the claimant's impairments could have affected the vocational expert's opinion about the availability of jobs that the claimant could perform. Id. The Third Circuit has also stated that the "hypothetical

posed to [the] vocational expert 'must reflect all of the claimant's impairments.'" Burns v. Barnhart, 312 F.3d 113, 2002 WL 31716291 at *8 (3d Cir. 2002) (quoting Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)).  However, hypothetical questions are only required to include those factors that are supported by objective medical evidence contained in the record and need not include limitations supported solely by subjective testimony.  Chrupcala, 829 F.2d at 1271.

In this case, the ALJ posed the following hypothetical question to the vocational expert ("VE") at the administrative hearing:

> I'd like you to begin by assuming that we're talking about an individual this claimant's age, education, and past work history. I'd like you to further assume the individual's capable of performing wok at both the light and medium level.  The work should be limited to simple, repetitive, one to two-step tasks and should be low-stress in nature.  Can an individual with these limitations do the work Mr. Jones has done in the past?

(R. at 39).

The VE responded that Plaintiff could not return to his past work.  The ALJ then asked the VE if there are "other jobs that could be performed with these limitations."  (R. at 41).  The VE then listed some light, low-stress, one-two step jobs and some medium level jobs.  Id. Plaintiff's counsel then supplemented the ALJ's hypothetical and asked the VE to consider an individual who:

- has a poor aptitude to remember work-like procedures;
- is unable to remember procedures;
- is unable to carry out very short and simple instructions;
- is unable to maintain attention for two hour segments;
- is unable to meet an employer's standards of production;
- is unable to maintain regular attendance and unable to be punctual within the customary tolerances;

- is unable to sustain an ordinary routine without special supervision;
- is unable to perform in a routine with special supervision;
- is unable to - - or had extreme difficulty making simple work-related decisions;
- finds it extremely difficult to deal with normal work stress;
- is unable or finds it extremely difficult to perform at a consistent pace without an unreasonable number and length of rest periods
- has extreme difficulty asking simple questions or requesting assistance on the job;
- has great difficulty accepting instructions and responding appropriately to criticism from supervisors; and
- has great difficulty concentrating.

(R. at 41-44, 48).  The VE agreed that each of these problems would render such a person unemployable or could be problems in maintaining employment.  Id.  However, the ALJ concluded that there was no objective medical evidence that the Plaintiff had these limitations. (R. at 17).  Therefore, the ALJ was not required, under Chrupcala, to include them in the hypothetical posed to the VE.  Chrupcala, 829 F.2d at 1271.  Even if they were required, Plaintiff's counsel remedied the deficiency by supplementing the hypothetical to include additional limitations.  Therefore, the ALJ did not commit reversible error with regard to the hypothetical question posed to the VE.

### D.      Weight Accorded to VA Determinations

Plaintiff argues that the ALJ improperly assigned no weight to the VA determination that Plaintiff's mental impairments were 100% disabling.  Thus, Plaintiff contends that the ALJ violated Social Security regulations and Third Circuit law requiring an ALJ to either assign substantial weight to VA disability determinations or explain why she is rejecting another agency's findings.  (Pl's Mem. at 14) (citing Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980); Sell v. Barnhart, 2003 U.S. Dist. LEXIS 21006, *6-7 (E.D. Pa. 2003); 20 C.F.R. §404.1512(b)(5).  Plaintiff argues that the ALJ's notation that the disability determination of

another agency "is not binding on the Social Security Administration" is insufficient. (Pl's Mem. at 14, citing R. at 15). Plaintiff urges that even though the determinations made by other agencies are not binding, they are still entitled to "substantial weight." (Pl's Reply at 15) (citing Kane v. Heckler, 776 F.2d 1130, 1135 (3d Cir. 1985); Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980)). Further, Plaintiff argues that the ALJ's rejection of another agency's findings must be supported by an explanation. (Pl's Mem. at 15, citing Lewis, 616 F.2d at 76; Sell v. Barnhart, 2003 U.S. Dist. LEXIS 21066, *7 (E.D. Pa. 2003)).

The Third Circuit has held that a disability determination by another government agency, such as the VA, is entitled to substantial weight. See Kane v. Heckler, 776 F.2d 1130, 1135 (3d Cir. 1985) (reversing grant of summary judgment in favor of secretary of health). The Third Circuit has also recognized that it is the ALJ's obligation "to provide an adequate basis so that the reviewing court can determine whether the administrative decision is based on substantial evidence." Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981) (explaining "there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record"). Without such an explanation, the court is "handicapped," as it is "impossible to determine whether the ALJ's [conclusion] is supported by substantial evidence." Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). In Sell v. Barnhart, Judge Robreno explained:

> In connection with the VA's disability rating, the regulations provide that disability determinations made by other agencies are not binding on the Social Security Administration. 20 C.F.R. § 404.1504. However, findings of other agencies are nonetheless entitled to "substantial weight." If the ALJ reaches a contrary conclusion, the ALJ must offer an explanation of why he rejected the other agency's finding.

Sell, 2003 U.S. Dist LEXIS 21066, *7 (E.D. Pa. 2003) (denying summary judgment and remanding to the Commissioner).

According to the Record in this case, the ALJ "recognized that the VA awarded claimant 100% disability [benefits] due to his mental impairments effective December 20, 1995." (R. at 15). The ALJ also noted that because the VA uses different standards, its disability determinations are not binding on the Social Security Administration pursuant to 20 C.F.R. 404.1504. (R. at 15). Even though the ALJ is entitled to make her own independent disability determination, case law still requires that she give the VA disability determination substantial weight and explain her reasons for rejecting it. In this case, the ALJ did not specify what amount of weight, if any, she accorded the VA determination and offered no explanation for rejecting it, beyond the fact that it was not binding. Under Third Circuit controlling law, this was error. Thus, the case will be remanded to the Commissioner to address this deficiency.

The court finds that reversal of the ALJ's decision is not warranted because the record is not fully developed. Consequently, the Court cannot determine if the ALJ's findings are supported by substantial evidence. On remand, the VA determination is entitled to substantial weight and the ALJ should explain her reasons for rejecting it.

## V.     Conclusion

For the foregoing reasons, this Court concludes that the ALJ failed to explain the amount of weight, if any, she accorded the VA's disability determination and the reasons for rejecting it. However, because the court finds that reversal of the ALJ's decision is not warranted, the case will be remanded to the Commissioner to address this issue. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM M. JONES, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 03-CV-6660 |
| | : | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 23rd day of August, 2005, after careful and independent consideration of the parties' cross-motions for summary judgment, and review of the record, it is hereby ORDERED that:

1. The Commissioner's Motion for Summary Judgment (Doc. No. 10) is DENIED;

2. The Plaintiff's Motion to Remand (Doc. No. 9) is GRANTED;

3. The case is remanded to the Commissioner of Social Security pursuant to Sentence 4 of §205(g) of the Social Security Act for further proceedings consistent with this opinion; and

4. The Clerk shall close this case.

IT IS SO ORDERED.

BY THE COURT:

   s/Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL\03-6660, Jones v Barnhart\03-6660, Jones v Barnhart MSJ.wpd